UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON SIGNORELLI**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 06-2859**

**RICHARD STALDER, ET AL.**                             **SECTION: "K"(3)**

## ORDER AND REASONS

Plaintiff, Byron Signorelli, a state prisoner, filed this *pro se* and *in forma pauperis* complaint against Richard Stalder, Sheriff Jerry Larpenter, Marcel Null, Richard Neal, and Margie Whitney. Plaintiff claims that defendants failed to provide him with adequate medical care while he was incarcerated at the Terrebonne Parish Criminal Justice Complex. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Plaintiff has filed a motion for default judgment against Stalder.[2] In addition, all parties have filed motions for summary judgment.[3] The Court now disposes of those motions as follows.

---

[1] Rec. Doc. 42.

[2] Rec. Doc. 26.

[3] Rec. Doc. 29 (Stalder), Rec. Doc. 46 (plaintiff), and Rec. Doc. 48 (Larpenter, Null, Neal, and Whitney).

## Motion for Default Judgment

Plaintiff filed a motion for default judgment against Richard Stalder. Plaintiff's motion was premature because the Clerk of Court had not entered a default pursuant to Fed.R.Civ.P. 55(a). See, e.g., Great Atlantic and Pacific Tea Co. v. Heath, Civil Action No. 95-509, 1995 WL 258317, at *1 (E.D. La. April 27, 1995). Moreover, in any event, the entry of a default judgment is matter of discretion and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). Additionally, the Court notes that this civil action is subject to the Prison Litigation Reform Act of 1995, which provides that no relief shall be granted to a plaintiff until the defendant has filed a reply. 42 U.S.C. § 1997e(g)(1). Accordingly, plaintiff's motion is denied.

## Motions for Summary Judgment

As noted, all parties herein have filed motions for summary judgment pursuant to Fed.R.Civ.P. 56. In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff claims that his constitutional rights were violated when his interferon treatments for Hepatitis C were discontinued based on financial considerations while he was incarcerated at the Terrebonne Parish Criminal Justice Complex.  It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner).  However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment.  And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of

pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Many of the facts of the instant case are not in dispute. Plaintiff has Hepatitis C. At the time he was incarcerated, his condition was being treated with weekly interferon injections prescribed by his private physician. After his incarceration, the jail medical staff continued those injections using plaintiff's supply and the additional supply he subsequently obtained through his private insurance. Once the supply from outside sources was exhausted, the jail physician refused to authorize a refill of the medication at the jail's expense.

In the instant case, plaintiff's sole claim is that his interferon therapy was improperly discontinued based solely on financial considerations while he was incarcerated at the Terrebonne Parish Criminal Justice Complex.[4] However, there is no evidence whatsoever that Richard Stalder, Sheriff Jerry Larpenter, Warden Marcel Null, and Margie Whitney were in any way personally involved in that decision to discontinue that therapy. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). An official

---

[4] The Court notes that defendants attempt to cast plaintiff's claim as nothing more than a disagreement with the medical treatment he was provided. It is true that plaintiff's condition was monitored during his incarceration and that he was even sent to see a specialist. It is also true that a disagreement between an inmate and the medical staff concerning whether certain medical treatment was appropriate generally is not actionable absent exceptional circumstances. Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Nevertheless, the Court finds that defendants have unfairly characterized plaintiff's claim.

Plaintiff is not arguing that he was denied *any* care for his condition. Rather, as he makes clear in both his complaint and in his opposition, Rec. Doc. 50, his claim is a particularly narrow one. He is claiming that, based solely on financial considerations, he was denied the only truly effective treatment for his disease. As this Court notes later in this opinion, a claim that an inmate is denied medically necessary treatment solely because of a belief that it is too expensive can amount to a constitutional violation.

cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). Accordingly, the claims against Stalder, Larpenter, Null, and Whitney clearly must be dismissed.[5]

However, the Court finds, based on the record currently before it, that summary judgment would not be appropriate as to defendant Neal. Plaintiff expressly alleges that it was defendant Neal who ordered that the interferon treatments be discontinued, and Neal has neither argued nor provided clear evidence showing otherwise. Moreover, Neal has offered no evidence that the therapy was discontinued for medical reasons. On the contrary, the only indication in the medical records provided by the defendants themselves as to why the interferon therapy was discontinued is a notation that the decision was, as plaintiff alleges, based on the medication's cost.[6] In light of that fact, this Court cannot find that Neal is entitled to judgment as a matter of law. It is clear that a decision to deny medically necessary treatment based solely on financial considerations can indeed violate a prisoner's constitutional rights. See Hanna v. Corrections Corporation of America, 95 Fed. App'x 531, 532 (5th Cir. 2004) ("The denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation.").

---

[5] In light of the fact that dismissal is appropriate on that basis, the Court need not consider the alternative grounds argued.

[6] The jail medical records from January 26, 2006, include a notation that "MD @ this facility will not authorize providing this med due to excessive price."

5

That said, the Court finds that plaintiff's motion for summary judgment likewise lacks merit. Simply too many material issues remain unresolved for this Court to conclude that Neal did in fact violate plaintiff's constitutional rights. First, it is unclear whether it was Neal who actually ordered that the interferon therapy be discontinued.[7] Second, it is unclear whether, in addition to the financial considerations, the discontinuation of the therapy was also based on a medical justification.[8] Third, it has not been established that discontinuation of the therapy in fact posed a substantial risk of serious harm to plaintiff,[9] much less that Neal was aware of that fact. Fourth, it is even unclear whether plaintiff's condition constituted a "serious medical need" as required for a viable constitutional claim.[10]

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for default judgment, Rec. Doc. 26, is **DENIED**.

---

[7] It is unclear from the medical records whether it was Neal or Dr. Richard Haydel who ordered the discontinuance of the therapy.

[8] Apparently, a mixed motive is not necessarily improper. See, e.g., Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981) (noting that a court must consider, among other factors, the "availability and expense" of proposed treatment).

[9] Not all persons with Hepatitis C are even appropriate candidates for interferon therapy; rather "[t]he selection of patients for interferon treatment is highly individualized and depends on many factors." Bender v. Regier, 385 F.3d 1133, 1135 (8th Cir. 2004); see also Hix v. Tennessee Department of Corrections, 196 Fed. App'x 350, 357 n.1 (6th Cir. 2006). In fact, such therapy is in fact contraindicated for some individuals. See Iseley v. Dragovich, 90 Fed. App'x 577, 581 (3rd Cir. 2004).

[10] It is unclear whether the Hepatitis C was causing plaintiff any serious symptoms; on the contrary, the records appear to indicate that the blood tests showed that plaintiff's liver functions were normal. As was recently noted in an unrelated case in this Court, it is unclear whether "chronic Hepatitis C without any serious symptoms" constitutes a serious medical need. Calloway v. Gusman, Civ. Action No. 05-4003, 2006 WL 2710475, at *7 (E.D. La. Sept. 20, 2006).

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Richard Stalder, Rec. Doc. 29, is **GRANTED**, and the claims against Stalder are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment, Rec. Doc. 46, is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Sheriff Jerry Larpenter, Marcel Null, Richard Neal, and Margie Whitney, Rec. Doc. 48, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to Larpenter, Null, and Whitney, and the claims against those defendants are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** with respect to Neal.

New Orleans, Louisiana, this twenty-sixth day of January, 2007.

                                                    **DANIEL E. KNOWLES, III**
                                                    **UNITED STATES MAGISTRATE JUDGE**